Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN TROILO,** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF THE PENNSYLVANIA FAIR** |
| vs. | ) | **CREDIT EXTENSION** |
| | ) | **UNIFORMITY ACT,** |
| **FMS, INC.,** | ) | **PENNSYLVANIA UNFAIR TRADE** |
| | ) | **PRACTICES AND CONSUMER** |
| Defendant. | ) | **PROTECTION LAW, FEDERAL** |
| | ) | **FAIR DEBT COLLECTION** |
| | ) | **PRACTICES ACT, AND** |
| | ) | **TELEPHONE CON SUMER** |
| _____ | ) | **PROTECTION ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law. Furthermore, Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from

engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Justin Troilo ("Plaintiff"), is a natural person residing in Montgomery County in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, FMS, Inc, ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In July 2012, Defendant contacted Plaintiff in connection with an attempt to collect an alleged debt.

7. Defendant contacted Plaintiff at (415) 577-3285, at times and places that were known to be inconvenient, including but not limited to, multiple calls per day.

8. Defendant contacted Plaintiff at (415) 577-3285 with such a frequency as to constitute harassment under the circumstances, including but not limited to, multiple calls per day.

9. Defendant called Plaintiff's cell phone, (415) 577-3285, using pre-recorded messages in connection with an attempt to collect an alleged debt.

10. Defendant failed to disclose during each and every communication, that the communication was from a debt collector attempting to collect an alleged debt.

11. Defendant contacted Plaintiff's brother, a third party to this action, for purposes beyond obtaining Plaintiff's location information.

12. Defendant contacted Plaintiff's brother, a third party to this action, disclosing the identity of Defendant and the existence of an alleged debt owed by Plaintiff, without being expressly requested.

///

///

## COUNT I: VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

13. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

14. The Pennsylvania Fair Credit Extension Uniformity Act ("PaFCEUA") 73 P.S. § 2270.1 *et seq.* prohibits harassing and deceptive conduct by creditors while engaging in the practice of collecting a debt from consumers.

15. Section 2270.5 of the PaFCEUA allows consumers to recover damages against creditors who engage in unfair and deceptive debt collection practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTCPL").

16. Plaintiff is a "consumer" as defined by § 2270.3 of the PaFCEUA.

17. Defendant is a "creditor" as defined by § 2270.3 of the PaFCEUA.

18. Defendant's conduct violated the PaFCEUA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff;

    b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff;

d) Causing a telephone to ring repeatedly or continuously to annoy;

e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances;

f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof;

g) Falsely representing the character, amount, or legal status of Plaintiff's debt;

h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff;

i) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose;

j) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

19. As a result of the above violations of the PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT II: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

20. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

21. Defendant's conduct as set forth above constitutes an unfair or deceptive practice within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, et seq.

22. Defendant's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law has caused Plaintiff to suffer the damage set forth hereinabove.

23. Plaintiff is entitled to triple damages and attorneys' fees as a result of Defendant's conduct, pursuant to 73 P.S. §201-9.2.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

    f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a));

    g) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

    i) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

    j) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

26. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

# COUNT IV:  VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

27.  Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

28.  Defendant conduct violated the TCPA by:

  a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

29.  To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A.  Declaratory judgment that Defendant's conduct violated the TCPA;
  B.  Actual damages;
  C.  Statutory damages for willful and negligent violations;
  D.  Costs and reasonable attorney's fees,
  E.  For such other and further relief as may be just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 20th day of December, 2012.

By: <u>/s/ Cynthia Z. Levin</u>
**Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff**